*Smith J.
delivered a charge to the jury, of which the following is the substance.
I deem it necessary to state two positions which have been taken by the defendants’ counsel, and to neither of which I can subscribe. I hold neither to be law to the extent in which they have been laid down. 1. It is contended that a warrant must describe the land “xoith all certainty,” so as to amount to a survey, or the plaintiff cannot recover after three years, as it is said was determined in Northumberland in the case of a location. It is to be regretted that gentlemen of the bar will not take accurate notes of trials, and yet will cite the cases as authority. I have before heard of the case in Northumberland, and have no hesitation in saying, there must have been some circumstauees which are not stated, or it is not law. If the location described the land with such reasonable certainty, as that it could not be laid on other land with propriety, this is all the certainty that the law requires. 2. Again it is stated, that as every settler and improver of land, has a right to three hundred acres, and as Clark had only 219 acres surveyed on his warrant of 200 acres, he is entitled to as much more as will make up the 300, and therefore his additional warrant, though subsequent to that of Gantz, is entitled to the preference to Gantz, supposing his warrant exactly located. This I deny in the extent laid down. I agree that every settler is entitled to 300 acres, if there be so much unappropriated land convenient to his settlement, and he chooses to take out a wazrrant for so much. But he is not obliged to take 300 acres ; he may take less; and if he does take a warrant for less, and has it fairly and duly surveyed without any fraud, deception or misrepresentation by the adverse warrantee, he is bouzzd by that quantity, and cannot after azzother person has obtained a warrant for the adjoining land, take out a subsequent warrant for it. This is the settled rule of law, and it is necessary to adhere to it, to render property secure. "Wez’e the rule contended for the law of the land, much property would be in danger; for any first settler, havizzg taken out a warrant for less than his settlement entitled him to, because he did not think moz’e land was thezi worth paying for, and having had that warrant duly surveyed and returned, might at any time *150 after the date of that survey, (not barred by the act of limitations) ^although a third person had before or soon after taken out a warrant strictly located, obtain a warrant for the deficient quantity, and oust the second warrantee, however valuable the buildings or improvements he had made upon the land. This would be monstrously iniquitous.
The only case forming any kind of exception to the rule which I have stated, which I recollect or ever heard of, was tried in York county Circuit Court, before Judge Bracken-ridge and myself. The names of the parties Í do not remember. The defendant had early taken out a warrant for a small piece of land, say sixty or seventy acres. In surveying it, he was obliged to leave out one half or one third of the land within the boundaries of which he had settled, with his neighbors all around him. The principal part of an orchard, planted many years before, part of his buildings, part of his cleared fields which he had farmed for many years, and which he still continued to farm as usual, were left out of the survey. The plaintiff took a warrant for the land so left out. I do not remember whether the first warrantee had taken out afterwards an additional warrant, but we both held that the plaintiff’s warrant had been obtained by surprise, within the meaning of the act of assembly. The quantity surveyed on the first warrant, and the quantity left out, not amounting together to near 300 acres, say not above 150, we thought that this case not being within the reason of the rule, was not within the meaning of it. No rational man could suppose that the defendant would leave out his orchard, buildings, and improvements, without which the part taken in would have been of small value; and yet until all the circumstances were explained, it was supposed by those who heard it stated, that we had laid down the rule as it is contended for by the defendants now, and that our decision was contrary to law. I believe some of our colleagues stated this apprehension. This case was an exception to, and proves the general rule which I have stated.
Gantz’s warrant was for 100 acres, bounded on the south by land of James Clark, &e. When he came to survey it, Clark had not then ascertained his boundary; and it was agreed between Clark, Gantz, and Henderson, that Clark •should take out a warrant and have his land surveyed by Henderson, who was then to survey Gantz’s warrant. Where *was he to survey it? Certainly according to its location, adjoining Clark, as he had chosen to limit his boundary; Clark at the time of survey claimed no more.
*151 If Gantz’s warrant be descriptive of the land in question, so that it could not be laid on any other place with propriety, (and you are to judge whether it be or not from your own view, and the evidence given to you) the next question is, has he done any acts which amount to an abandonment. An abandonment is never to be presumed, as I have had occasion to state at large during this court. Gantz came early up with the surveyor to have his warrant executed. I have stated the reason why it was not then done. It is stated on the part of the defendants, that Henderson was the agent of Gantz, who was bound by his acts. He was his agent for a particular purpose, to lay the warrant agreeably to its location. He had no authority to lay it elsewhere. In doing so he deceived Gantz, who, if he paid the surveying fees, of which there is strong evidence, had reason to believe it had been duly made, and had no occasion to look after it. If this evidence is believed by you, it takes away all pretence of an abandonment. It is urged that Clark, at the time of the survey and of his deed to Keefer, was convinced there was no abandonment, but the contrary, for four lines of Clark’s survey are stated to join Gantz’s claim, so do four courses and distances in Clark’s conveyance, and Clark does not receive a cent for the assignment of the additional warrant for the land in question. These acts were notice of the plaintiff’s claim to the defendants.
Hpon this charge the jury found for the plaintiff; and his Honor having overruled a motion for a new trial, the defendants appealed to this Court, where the case was now argued by Waits and Duncan for the defendants, and by Brown and J, Biddle for the plaintiff.
Tilghman C. J.
After stating the facts, delivered his opinion as follows.
The plaintiff has the elder warrant, and the defendants the elder survey. As to Clark’s original improvement which was entitled to precedence, it cannot affect the present question, because having deliberately ascertained the extent of his right, by a survey, there can be no pretence for saying, *that he could afterwards extend his limits. The r*igg owner of an improvement right was entitled to three L hundred acres; but he was not obliged to take so much, he might take as much less as he pleased. There may be an exception to the principle I have laid down, where the owner of the improvement has ascertained the limits of his claim, by lines made by consent between him and his neighbors, prior to his survey, and afterwards being unable to pay for *152 the whole at once, he has a survey made on part. It has been determined at Nisi Prius, that under such circumstances, the right to the land within the ascertained limits, and not included in the survey, was not to. be considered as relinquished. When such cases arise, they will be determined according to their circumstances. I give no opinion concerning them. But as so considerable a time elapsed between the issuing of Gantz’s warrant and the making of his survey, it beéame necessary to inquire, whether he had not forfeited his pretensions by his negligent conduct. His warrants calling or not for the land in dispute, was a very material circumstance. This was submitted as a matter of fact to the jury, who, having viewed the ground, were the best judges of it. It has been strongly insisted by the defendants, that the deputy surveyor was the agent of Gantz, who was bound by the survey made on the North Mountain. But to this it was answered, and the answer is satisfactory, that he would have been bound had he known of that survey, and acquiesced in it; but he would not be affected by a survey made directly against his orders, and of which he had no knowledge. Whether the survey was against his orders and without his knowledge, were matters for the consideration of the jury. What has great weight with me, is, that the defendants cannot complain of having suffered any injury by the neglect of Gantz. They are not innocent persons who have been induced to purchase Clark’s right, without notice of the claim under Gantz’s warrant. On the contrary, having purchased Clark’s right under both his warrants, they took separate deeds for the two tracts, and their deeds apprised them of the adverse claim. Clark warranted the improvement tract, but gave no warranty for the land in dispute; and there is some evidence, that he considered it as of little value, and threw it in, in his bargain with Keefer. There have been two verdicts in ^avor ^plaintiff’s title, and the defendants now ask for a new trial on the ground of the verdicts being against I cannot say that I see any reason for a new trial on that ground, or on any other ground; for the opinion delivered by Judge Smith to the jury appears to have been in matters of law correct. I am, therefore, for affirming the judgment.
Ye ates J. concurred.
Bkackenkidge J. delivered his opinion to the same effect.
Judgment affirmed.
[Cited in 6 S. & R. 202 ; 10 id. 218 ; 12 id. 126 ; 2 R. 237 ; 3 W. 468 ; 4 id. 445 ; 7 id. 256 ; 3 Wh. 271; 1 J. 117 ; 1 H. 359. Reviewed and distinguished in 3 P. & W. 309.]